Citation Nr: 21049963
Decision Date: 08/13/21 Archive Date: 08/13/21

DOCKET NO. 16-19 387A
DATE: August 13, 2021

ORDER

Entitlement to service connection for a lumbar spine disability is denied.

FINDING OF FACT

The preponderance of the evidence weighs against a finding that the Veteran's current lumbar spine disability was incurred during or as a result of service, and lumbar spine arthritis is not shown to have manifest to a compensable degree within one year of service.

CONCLUSION OF LAW

The criteria for entitlement to service connection for a lumbar spine disability have not been met. 38 U.S.C. § 1110, 1116; 38 C.F.R. § 3.303, 3.307, 3.309.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from July 1989 to July 1994. 

This appeal was previously before the Board in December 2019, at which time the claim was remanded in order for the agency of original jurisdiction (AOJ) to conduct additional evidentiary development. The record reflects that all requested development has been conducted. As such, the appeal has been returned to the Board for further consideration. 

1. Entitlement to service connection for a lumbar spine disability

Service connection will be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred in or aggravated by active service. 38 U.S.C. § 1131; 38 U.S.C. § 3.303. Service connection may also be granted for any injury or disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease or injury was incurred in service. 38 C.F.R. § 3.303(d).

Establishing service connection generally requires competent evidence of the following: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship, i.e., a nexus, between the claimed in-service disease or injury and the current disability. See Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2009).

Moreover, pursuant to 38 C.F.R. § 3.309, where a veteran served continuously for ninety (90) days or more during a period of war, or during peacetime service after December 31, 1946, and certain chronic diseases, such as arthritis, become manifest to a degree of 10 percent within one year from the date of termination of such service, such disease shall be presumed to have been incurred in service, even though there is no evidence of such disease during the period of service. This presumption is rebuttable by affirmative evidence to the contrary.

When a disease listed at 38 C.F.R. § 3.309(a) is not shown to be chronic during service or the one-year presumptive period, service connection may also be established by showing continuity of symptomatology after service. See 38 C.F.R. § 3.303(b). However, the use of continuity of symptoms to establish service connection is limited only to those diseases listed at 38 C.F.R. § 3.309(a) and does not apply to other disabilities which might be considered chronic from a medical standpoint. See Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013).

The evidence reflects that the Veteran has been diagnosed with degenerative joint and disc disease of the lumbar spine, as well as lumbar radiculopathy. See VA examination reports dated March 2014 and February 2020. 

Therefore, the question in this case is whether a causal relationship or nexus exists between the Veteran's current diagnosis and his active service.

After reviewing the evidence of record, the Board finds the preponderance of the evidence is against a finding that a causal relationship or nexus exists.

The Veteran' service treatment records (STRs) reflect that, in June 1990, the Veteran sought treatment for lower back pain that began as a result of lifting his dog. Objective evaluation revealed tenderness to the lumbar paraspinal muscles and decreased range of motion, and the Veteran was diagnosed with lumbar strain. The evidence reflects that the Veteran was given medication and advised to follow up if his symptoms did not improve; however, the STRs do not reflect any continued or further complaints or treatment for low back pain or a lumbar spine condition, including at a medical examination conducted in December 1992. See e.g., STRs dated June 1990 and December 1992 report of medical examination. 

The Veteran indicated that he did not desire a medical examination when he was discharged from service and, as a result, there is no lay or medical evidence of record addressing whether he had a low back or lumbar spine problem at separation from service. See May 1994 STR. Nevertheless, the Veteran has asserted that his back condition has been a persistent problem since service. See April 2015 notice of disagreement. 

The post-service treatment records confirm that the Veteran sought treatment for low back and left leg pain as early as September 1996, at which time he reported that his left leg pain began in May after bending down at work. He reported that his symptoms did not improve with "conservative treatment" and stated that any kind of lifting resulted in and aggravated severe pain in his back and radiating pain down his left lower extremity (LLE). The Veteran underwent a microdiscectomy of the left L5-S1 segment in September 1996 and clinicians noted that an MRI showed evidence of fibrosis around the left S1 nerve root. See private treatment records (PMRs) dated September and October 1996. 

Thereafter, the post-service evidence reflects that the Veteran sought treatment for pain in his LLE from VA in February 2014, at which time he reported having increased LLE pain following the in-service back injury. The Veteran stated that he had not been evaluated by his primary care physician for 10 years but he stated that his medical history included the microdiscectomy in 1996 which relieved the pain for a while but had become increasingly worse over the past couple of years in his LLE. He also reported being treated for back problems by a private physician in 2007. Objective evaluation revealed tenderness in the lumbar spine, and the Veteran was diagnosed with chronic low back pain with sciatica and lumbar spine radiculopathy. See VA treatment records dated February 2014. 

In evaluating this claim, the Board finds probative that, while the Veteran sought treatment for back and LLE problems approximately two years after service and more recently in 2014, he attributed his initial post-service symptoms to an incident that occurred during post-service employment and stated that his more recent pain had become worse over the past couple of years. Indeed, the evidence does not reflect that the Veteran attributed his post-service symptoms to any event or injury that occurred during service, including the in-service diagnosis of lumbar strain; nor is there medical evidence of record that attributes the Veteran's current lumbar spine disability to his military service.

In February 2020, a VA physician examined the Veteran, reviewed the claims file, and extensively notated the Veteran's service and post-service medical history, after which she opined that it is less likely than not that the Veteran's current lumbar spine disability was incurred in or caused by an in-service incident, event, or injury. In this regard, the VA examiner noted the Veteran received acute treatment for lumbar strain in 1990 which was manifested by paraspinal muscle tenderness, pain, and decreased range of motion without neurologic symptoms or findings. Given this, the VA examiner stated that there was no evidence that the Veteran's back pain during service was due to any back condition other than acute muscle strain. The VA examiner further noted that the evidence does not document a report of back pain after the incident during service or for almost two years thereafter and, in this regard, she posited that the Veteran's medical history was so benign such that his request to skip the separation examination was granted. Given this evidence, the examiner stated that there is no evidence of chronicity of care to suggest that the Veteran's back pain in June 1990 represented more severe or ongoing spinal pathology or anything other than a simple muscle strain. In this regard, she also noted that lumbar strain does not result in or predispose to the development of lumbar spine degenerative disc disease or disc herniation. 

The VA examiner further noted that the Veteran had acute onset of low back and left leg pain two years after service while bending forward and noted that the diagnosis of left L5-S1 disc herniation made at that time is a condition associated with repetitive heavy lifting, which the Veteran's post-service employment required. She also stated that the fibrosis on the S1 nerve root found on the September 1996 MRI was a result of the post-service microdiscectomy and not indicative of some prior in-service pathology that could have contributed to disc herniation or the current lumbar spine disability. Indeed, the examiner stated that it is less likely than not that the Veteran's back pain during service represented or contributed to the later diagnosis of lumbar disc herniation or degenerative disc disease.

In this regard, the examiner noted that the Veteran's report that the surgery performed in 1996 was performed to repair the lumbar strain in service but the examiners stated that, as a layperson, the Veteran cannot be expected to understand that not all back pain is caused by the same condition or that muscular lumbar strain in 1990 cannot plausibly result in disc herniation in 1996. She further noted that, while the Veteran reported that several doctors told him that the disc herniation in 1996 was a direct result of the lumbar strain in 1990, none of the medical records indicate that his care providers reviewed this service records to inform such an opinion. See February 2020 medical opinion.

The VA examiner further stated that there is no evidence that the current diagnosis of lumbar spine degenerative disc disease or disc herniation manifested to a compensable degree during service or within one year of service, as she noted that the record do not document back or leg pain until 1996 when he reported the acute onset of left leg pain, at which time he was diagnosed with possible lumbar disc herniation that was confirmed on MRI. See February 2020 medical opinion.

The Board concludes that the February 2020 VA opinions are the most competent, credible, and probative evidence regarding whether the Veteran's current lumbar spine disabilities are related to the in-service diagnosis of lumbar strain. The VA examiner provided a complete, well-reasoned rationale in support of her opinion, which is based on consideration of the relevant lay and medical evidence and is consistent with the other evidence of record. Indeed, the February 2020 VA opinion is based upon consideration of all relevant evidence and facts and there is no opposing medical opinion or evidence of record that suggests the Veteran's current lumbar spine disabilities are related to his military service.

In evaluating this claim, the Board acknowledges the Veteran's belief that his current lumbar spine disability is related to the complaints of back pain and diagnosis of lumbar strain during service. However, opinions regarding the etiology of a musculoskeletal disability, such as lumbar strain, are complex and generally beyond the competency of a lay witness. See Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). The evidence does not reflect, nor has the Veteran alleged, that he has any medical education, experience, or training; nor has he offered any basis in common lay knowledge to support his opinion. Therefore, the Veteran's statements and beliefs in this regard are not considered more persuasive than the February 2020 VA opinions.

As a final matter, the Board notes that, while the Veteran was diagnosed with lumbar spine degenerative joint disease, i.e., arthritis, in March 2014, the evidence of record does not show that his lumbar spine arthritis was otherwise manifest to a compensable degree prior to 2014, which is approximately 20 years after he was discharged from service. Therefore, presumptive service connection, to include on the basis of continuity of symptomatology, for lumbar spine arthritis is not warranted. 38 U.S.C. §§ 1101, 1112; 38 C.F.R. §§ 3.307, 3.309.

Accordingly, the Board finds the preponderance of the evidence is against a finding that the Veteran's current lumbar spine disability was incurred during or as a result of his military service. As such, service connection for a lumbar spine disability is denied and the benefit of the doubt doctrine is not applicable.

 

 

B. G. LeMoine

Acting Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board A. Turnipseed, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.